IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00279-CV

 

Lindsey Daniel Bradshaw,

                                                                      Appellant

 v.

 

Garry Gore, M.D,

                                                                      Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 02-000802-CV-361

 



DISSENTING Opinion










 

          Lindsey Daniel Bradshaw appeals the
dismissal of her medical malpractice suit for failure to file a compliant
expert report.  After a hearing, the trial court granted Dr. Garry Gore’s
motion to dismiss and dismissed the case with prejudice.  Because the trial
court did not abuse its discretion, we should affirm.  The majority, rather
than review the trial court’s ruling, decides that it would not have granted
the motion to dismiss.  I dissent.

          When considering a motion to dismiss,
"the issue for the trial court is whether 'the report' represents a
good-faith effort to comply with the statutory definition of an expert
report." American Transitional Care Ctrs. of Tex., Inc. v. Palacios,
46 S.W.3d 873, 878 (Tex. 2001); Bowie Memorial Hosp. v. Wright,
79 S.W.3d 48, 52 (Tex. 2002).  To constitute a "good-faith effort,"
the report must provide enough information to fulfill two purposes: (1) it must
inform the defendant of the specific conduct the plaintiff has called into
question; and (2) it must provide a basis for the trial court to conclude that
the claims have merit.  Palacios, 46 S.W.3d at 879; Bowie, 79
S.W.3d at 52.  We review a trial court’s order dismissing a claim for failure
to comply with the expert report requirements under an abuse-of-discretion
standard.  Palacios, 46 S.W.3d at 878; Bowie, 79 S.W.3d at 52.

          The parties only contest whether the
expert reports filed constitute a “good-faith effort” to fairly summarize the
causal relationship between Gore’s alleged breach and Bradshaw’s injury.  Both
reports discuss the events leading up to Bradshaw’s eventual diagnosis of
herpetic encephalitis within one to two days of being seen at an emergency room
on two successive days.  Both reports also express disbelief in Gore’s
inability to make this diagnosis.  The reports do not indicate when Gore
treated Bradshaw.  Dr. Law’s report concludes:

Based on reasonable probability, the institution
of Acyclovir therapy at an earlier time would have prevented or ameliorated her
neurologic damage.

 

Dr. Hayden’s report concludes:

It is reasonable to believe that had therapy
with Acyclovir been initiated earlier in the course of her disease, some or all
of her current deficits may have been prevented.

 

There is no discussion in either of these
reports as to how early Acyclovir needed to be initiated and if initiated at a
time when Gore treated Bradshaw what differences would have been seen in
Bradshaw’s mental abilities or deficiencies.  We cannot infer that Gore’s
alleged breach prevented Bradshaw from developing less brain damage.  After reviewing
the reports, the trial court could have reasonably determined that the reports
by Drs. Law and Hayden, much like the report reviewed in Bowie, are
conclusory.  

          Thus, the trial court did not abuse
its discretion in dismissing Bradshaw’s case with prejudice.  The judgment of
dismissal should be affirmed.  The majority simply does not agree with the
trial court’s ruling and therefore reverses it, thus substituting its judgment
for that of the trial court’s judgment.  That is not a proper review under the
abuse-of-discretion standard.  I dissent.

 

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Dissenting
opinion delivered and filed February 1, 2006